IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., et al. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2524-BH |
| | § | |
| TEX BORDER MANAGEMENT, | § | |
| INC., d/b/a FAR WEST, et al., | § | |
| | § | |
| Defendant. | § | Consent Case |

*MEMORANDUM OPINION AND ORDER*

Pursuant to the order of reassignment, filed February 28, 2012, and the consent of the parties, this matter was transferred for the conduct of all further proceedings and entry of judgment.  Before the Court is the *Plaintiffs' Motion for Summary Judgment*, filed January 3, 2012 (doc. 21).  Based on the relevant filings and applicable law, the motion is **DENIED**.

## I.  BACKGROUND

Broadcast Music, Inc. (BMI), Peer International Corporation, CD Elvis Publishing, Luar Music Corp., Songs of Univision, Inc., Fonomusic, Inc., Universal-Songs of Polygram International Inc., Emotional Wrench, Door Number One Music and Ser-Ca Publishing, Inc. (Plaintiffs) filed this suit against Tex Border Management, Inc. d/b/a Far West and Alfredo Hinojosa (Defendants) alleging violations of the Copyright Act.  (*See* Doc. 1.)  17 U.S.C. § 101 et seq.

BMI is a nonprofit "performing rights society".  (Doc. 22 at 19.)[1]  It enters into agreements with  copyright  owners  such  as  music  publishers  and  composers  for  non-exclusive  public

---

[1]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

performance rights to musical works, including those of the other named plaintiffs in this case.[2]  (*Id*.)
BMI then extends the right to public performance of the works in its repertoire to music users,
including broadcasters and the owners and operators of concert halls, restaurants, nightclubs and
hotels via "blanket license agreements."  (*Id*.)  After deduction of necessary operating expenses and
reserves, the license fees are distributed as royalties to BMI's member publishers and composers.
(*Id*. at 19-20.)

Defendants own and operate a night club known as Far West, located at 7331 Gaston
Avenue, Dallas, Texas 75214.  (Docs. 1 at 4; 9 at 3; 22 at 120.)   Far West offers performances of
both live and recorded music.  (Doc. 22 at 2, 123-124.)  On numerous occasions between November
1998 and June 2010, BMI informed Defendants that they needed permission for any public
performances of copyrighted music.  (*Id*. at 26.)  It offered to enter into a license agreement with
Defendants on multiple occasions, but Defendants never did so.  (*Id*. at 26-27.)

On May 9, 2000, BMI sent Defendants a letter demanding that they cease the public
performance of BMI licensed works.  (*Id*. at 26.)  BMI sent additional cease and desist reminder
letters on numerous occasions through May 2010.  (*Id*.)  Far West allegedly continued to publicly
perform music licensed by BMI subsequent to the cease and desist letter.  (*Id*. at 27.)

On February 9, 2008 and June 18, 2010, a BMI investigator visited Far West and made audio
recordings and a written report of the music performed there.  (*Id*. at 2, 27, 30-38, 47-52.)  BMI sent
the recordings to its subsidiary, Landmark Digital Services LLC (Landmark).  (*Id*. at 27.)  Landmark
reviewed the recordings by means of patented digital audio recognition technology and identified
the nine compositions which are the subject of this infringement case.  (*Id*.)  BMI advised Far West

---

[2]  They are the alleged owners of the copyrights for the works at issue in this suit.

of the results of its investigation in three letters between May 25, 2010 and June 30, 2010. (*Id.* at 28.) BMI received no response. (*Id.*) Plaintiffs filed suit against Defendants for copyright infringement on December 10, 2010. (Doc. 1 at 1.)

Plaintiffs now move for summary judgment. (*See* Docs. 21 and 22.) The motion has been fully briefed and is ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In a case in which "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).   "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).   "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'"  *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

### III. EVIDENTIARY OBJECTIONS

Defendants object to the declaration of Hope M. Lloyd and the supporting documents it references.[3]  (Docs. 22 at 19-24; 41 at 6-10.)  Their objections are addressed separately below.

### A.      Personal Knowledge

Defendants object to Lloyd's declaration on grounds that she has not provided a proper foundation to establish personal knowledge of the facts to which she testifies.  (*Id*. at 7-9.)  Rule 602 of the Federal Rules of Evidence states that "[a] witness may not testify to a matter unless evidence

---

[3]  Defendants also objected to declarations submitted by Paul Knipler and Thomas R. Cushing.  Disposition of the motion does not require the resolution of Defendants' objections to those declarations.

is introduced sufficient to support a finding that the witness has personal knowledge of the matter."
Fed. R. Evid. 602.  Personal knowledge may be proved by a witness' or an affiant's own testimony,
or reasonably inferred from his position or the nature of his participation in the matters to which he
swears.  *See id.*; *Am. Motorist Ins. Co. v. Southcrest Constr. Inc.*, No. 3:04-CV-2575-M, 2006 WL
995202, \*9 (N.D. Tex. 2006) (citing *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005)).
It may include inferences and opinions so long as they are grounded in personal observation and
experience.  *See United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999).  Here, Ms. Lloyd avers
that she is an attorney employed by BMI and that she is familiar with both the facts and
circumstances in this case and with BMI's structure and operation.  (Doc. 22 at 19.)  Based on her
position with BMI and her familiarity with the details of the case, she has the requisite personal
knowledge to make the statement at issue.  Defendants' objection is overruled.

## B.      Legal Conclusions

Defendants also object to Lloyd's declaration on grounds that it contains legal conclusions,
but they do not identify the statements to which they object.  (Doc. 41 at 8.)  Federal Rule of
Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific
evidence it wishes to strike and stating the specific grounds for striking it.  *Tucker v. SAS Inst., Inc.*,
462 F. Supp.2d 715, 722 (N.D. Tex. 2006) (citing *United States v. Avants*, 367 F.3d 433, 445 (5th
Cir. 2004)).  Objections lacking specificity do not satisfy the requirements of Rule 103, and a loosely
formulated and imprecise objection does not preserve error.  *Id.* (citing *United States v. Polasek*, 162
F.3d 878, 883 (5th Cir. 1998).  "[A] trial court judge must be fully apprised of the grounds of an
objection."  *Id.*  Because Defendants' objection does not meet the specificity requirements of Rule
103(1)(a), it is overruled.

## C.     Interested Witness

Defendants further object to Lloyd's declaration on grounds that she is an interested witness. (*Id.* at 7.) There is no rule which requires the exclusion of a declaration because the declarant is an interested witness. *See Nazerzadeh v. Harris County*, No. H-08-0499, 2010 WL 3817149, *3 (S.D. Tex. Sept. 27, 2010); *Martinez v. Prestige Ford Garland Ltd. Partnership*, No. 3:03-CV-251-L, 2004 WL 1194460, *4 n. 7 (N.D. Tex. May 28, 2004), *aff'd*, 117 F. App'x 384 (5th Cir. 2005). Defendants' objection is overruled.

## D.     Hearsay

Defendants object to the admissibility of the schedule attached as an exhibit to Lloyd's declaration on hearsay grounds.[4]  (Docs. 22 at 21-24; 41 at 7-8.)  The schedule purports to list the musical compositions involved in this case, along with the registration date and registration number for each work.  (Doc. 22 at 21-24.)  Except in limited circumstances, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, and subject to certain exceptions, is not admissible as evidence.  *See* Fed. R. Evid. 801 and 802.  The proponent of hearsay bears the burden of demonstrating that an exception to the hearsay rule applies.  *Sowders v. TIC United Corp.*, No. SA-05-CA-309-OG, 2007 WL 3171797, *1 (W.D. Tex. Aug. 15, 2007) (once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of

---

[4]  The schedule is also attached as an exhibit to the original complaint.  (Doc. 1 at 8-11.)  Because the complaint and attached schedule were not verified, the schedule cannot serve as competent summary judgment evidence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("A plaintiff's verified complaint can be considered as summary judgment evidence to the extent that it comports with the requirements of Fed. R. Civ. P. 56(e)."); *Tilley v. Gonzalez*, No. 3:09-CV-2451-L-BH, 2010 WL 4722216, *1 n. 3 (N.D. Tex. Oct. 27, 2010) (recommendation of Mag. J) (considering complaint and attachments as proper summary judgment evidence when verified under penalty of perjury to the extent that they meet the requirements of Rule 56(e)), *adopted by* 2010 WL 4722469 (Nov. 22, 2010).

the evidence that the evidence falls within an exclusion or exception to the hearsay rule).

The schedule is offered to prove the truth of the matters asserted in it, i.e., to establish the originality and authorship of the compositions involved, compliance with the copyright laws and Plaintiffs' ownership of the copyrights for the listed compositions. (Doc. 22 at 9.) Plaintiffs neither respond to the objection nor meet their burden of showing that the schedule is admissible under any of the hearsay exceptions set forth in Rules 803 and 804. Although Lloyd's declaration attempts to demonstrate that the registration certificates and subsequent documentation relating to the chain of ownership of the musical works meet the requirements of Rule 803(6), it does not do so as to the schedule. (Doc. 22 at 20.) Notably, the registration certificates and supporting documentation were not attached to Lloyd's declaration and are not part of the record for purposes of the summary judgment motion. (*Id*. at 19-24.) Defendants' hearsay objection is sustained and the schedule will not be considered in ruling on the summary judgment motion.[5]

## IV. ANALYSIS

Plaintiffs contend they are entitled to summary judgment on their infringement claims because there is no genuine issue of material fact as to any of the elements of their claims. (*Id*.)

The Copyright Act grants a copyright owner the exclusive rights to perform or to authorize the performance of the copyrighted work publicly. 17 U.S.C. § 106(4). One who violates any of the rights of the copyright owner is an infringer. 17 U.S.C. § 501(a). To succeed on an infringement claim, a plaintiff must prove the following elements:

1)      the originality and authorship of the compositions involved;

---

[5] Defendants also object to the admissibility of the schedule and the other referenced documents because the declaration does not aver that the documents are the originals or true and correct copies of the originals. (Doc. 41 at 9.) Because Defendants' hearsay objection is sustained, it is not necessary to address this issue.

2)      compliance with all formalities required to secure a copyright under Title 17 of the United States Code;

3)      that the plaintiffs are the proprietors of the copyrights of the composition[s] involved in the action;

4)      that the compositions were performed publicly; and

5)      that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

*EMI April Music Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp.2d 619, 622 (N.D. Tex. 2008) (citations omitted). Copyright registration certificates serve as prima facie evidence of the first three elements of an infringement claim. 17 U.S.C. § 410(c); *Jet Rumeurs, Inc.*, 632 F. Supp.2d at 622; *Collins Court Music, Inc. v. Pulley*, 704 F. Supp. 963, 964 (W. D. Mo. 1988) (collecting cases); *Virgin Music, Inc. v. Nathaniel's, Inc.*, No. 83-1356, 1984 WL 22064, *1 (W.D. Pa. Mar. 7, 1984).

Plaintiffs have the burden on summary judgment to establish all of the elements of their infringement claims. *Fontenot*, 780 F.2d at 1194. To meet their burden as to the first three elements, they rely on a declaration provided by BMI attorney Hope M. Lloyd. (*Id.*) Although Defendants' objection to the admissibility of the declaration itself was overruled, the documentary evidence offered in support of her declaration was either disallowed on the basis of hearsay or absent from the record. Without the schedule, certificates of registration and other supporting documentation, Lloyd's declaration is insufficient to establish authorship, compliance with the formalities of the copyright laws and proprietorship of the copyrights involved in this case.

Plaintiffs also point to Defendants' responses to requests for admissions 22-27 to support their contention that Defendants cannot offer any evidence controverting the first three elements of their claims. (*Id.* at 9-10, 125-126.) However, in none of those responses do Defendants admit the requests pertaining to authorship of the compositions, ownership of the copyrights or compliance

8

with the registration requirements of the Copyright Act. (*Id*. at 125-126.)

Plaintiffs have not met their burden of bringing forward or identifying evidence in the record sufficient to establish each of the first three elements of their claims. They have therefore not shown entitlement to judgment as a matter of law.

## V.  CONCLUSION

The plaintiffs' motion for summary judgment is DENIED.

**SO ORDERED, this the 18th day of September, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9